**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHARDA PARKER and JOSE IBANEZ, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:16-cv-02791-M |
| FPMC SERVICES, LLC, THE MANAGEMENT COMPANY AT FOREST PARK MEDICAL CENTER, NEAL RICHARDS GROUP, LLC, NEAL RICHARDS GROUP FOREST PARK DEVELOPMENT, LLC, and GLENDONTODD CAPITAL LLC, | § § § § § § § | |
| Defendants. | § § | |

<u>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION AND BRIEF IN SUPPORT**</u>

**Jacob B. Kring**
Texas Bar No. 24062831
**Britton D. McClung**
Texas Bar No. 24060248
**Mark A. Fritsche**
Texas Bar No. 24100095

**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Phone:  (214) 880-9600
Fax:     (214) 481-1844
Jacob@HedrickKring.com
Britt@HedrickKring.com
Mark@HedrickKring.com

**ATTORNEYS FOR DEFENDANTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION ......................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................... 3

ARGUMENT AND AUTHORITIES ............................................................................................ 4

   A.  Legal Standard ............................................................................................................. 4

   B.  Ascertainability: Plaintiffs' Proposed Class Fails to Identify an Ascertainable Class. ........ 5

   C.  Plaintiffs' Fail to Establish Rule 23(a)'s Class Action Prerequisites ................................. 6

     1.  Numerosity: Plaintiffs' Allegation of 196 Class Members is Insufficient .................... 6

     2.  Commonality: Plaintiffs' Assertion of Commonality Mistakenly Relies on the
        Assumption That They Have Alleged a Common Employer.......................................... 8

     3.  Typicality: Paintiffs Do Not Share the Same Legal Theories as the Putative Class ...... 9

     4.  Adequacy: Plaintiffs Have Not Established That They Will Protect the Interests of the
        Class .................................................................................................................... 10

   D.  Certification Pursuant to Rule 23(b)(3) is Not Appropriate ............................................... 10

     1.  Predominance: Individual Questions on Liability and Damages Predominate Over
        Class Questions ................................................................................................... 11

     2.  Superiority: A Class Action is Not Superior to Other Methods of Adjudicating This
        Controversy ........................................................................................................ 14

   E.  Plaintiffs Have Not Established All Requirements of Local Rule 23.2 ............................... 16

   F.  In the Event that a Class is Certified, Defendants Request Notice to Class Members Come
     After Any Summary Judgment Finding on Single-Employer Liability ............................. 17

CONCLUSION............................................................................................................................. 17

CERTIFICATE OF SERVICE .................................................................................................... 18

# TABLE OF AUTHORITIES

<span style="font-variant:small-caps">Cases</span>                                                                                           <span style="font-variant:small-caps">Page(s)</span>

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)..................................................................................................11

*Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*,
    Civil Action No. 11-2777, 2013 WL 6072702 (E.D. La. Nov. 18, 2013 ...................10, 11, 12

*Basco v. Wal-Mart Stores, Inc.*,
    216 F. Supp. 2d 592 (E.D. La. 2002) ...............................................................11, 12

*Bell Atl. Corp. v. AT&T Corp.*,
    339 F.3d 294 (5th Cir. 2003) ..........................................................................12, 13

*Benavides v. Chicago Title Ins. Co.*,
    636 F.3d 699 (5th Cir. 2011) ...........................................................................12, 13

*Berger v. Compaq Comp. Corp.*,
    257 F.3d 475 (5th Cir. 2001) ................................................................................10

*Califano v. Yamasaki*,
    442 U.S. 682 (1979)..............................................................................................4

*Castano v. Am. Tobacco Co.*,
    84 F.3d 734 (5th Cir. 1996) ......................................................................4, 14, 15

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426 (2013)..........................................................................................4

*DeBremaecker v. Short*,
    433 F.2d 733 (5th Cir. 1970) ................................................................................5

*Funeral Consumers All., Inc. v. Serv. Corp. Int'l*,
    695 F.3d 330 (5th Cir. 2012) ..............................................................................11

*Garcia v. Gloor*,
    618 F.2d 264 (5th Cir. 1980) ................................................................................7

*Gen. Tel. Co. of the Sw. v. Falcon*,
    457 U.S. 147 (1982)..............................................................................................8

*Guippone v. BH S&B Holdings LLC*,
    No. 09 Civ. 1029(CM), 2011 WL 1345041 (S.D.N.Y. Mar. 30, 2011)...................17

*Hamilton v. First Am. Title Ins. Co.*,
    266 F.R.D. 153 (N.D. Tex. 2010), *vacated,* 423 F. App'x 425, 425 (5th Cir. 2011) ..............12

*Horton v. Goose Creek Indep. Sch. Dist.*,
 690 F.2d 470 (5th Cir. 1982) ............................................................................10

*Ibe v. Jones*,
 836 F.3d 516 (5th Cir. 2016) ....................................................................4, 11, 12

*In re Kosmos Energy Ltd. Sec. Litig.*,
 299 F.R.D. 133 (N.D. Tex. 2014) .......................................................................4

*In re TWL Corp.*,
 712 F.3d 886 (5th Cir. 2013) .............................................................................7

*Jenkins v. Raymark Induss., Inc.*,
 782 F.2d 468 (5th Cir. 1986) .............................................................................9

*John v. Nat'l Fire & Cas. Co.*,
 501 F.3d 443 (5th Cir. 2007) .............................................................................5

*Likes v. DHL Exp.*,
 288 F.R.D. 524 (N.D. Ala. 2012).......................................................................5

*Madison v. Chalmette Refining, L.L.C.*,
 637 F.3d 551 (5th Cir. 2011) ...........................................................................14

*M.D. ex rel. Stukenberg v. Perry*,
 254 F.3d 832 (5th Cir. 2012) .........................................................................4, 8

*Mullen v. Treasure Chest Casino, LLC*,
 186 F.3d 620 (5th Cir. 1999) .............................................................................7

*Norwood v. Raytheon*,
 237 F.R.D. 581 (W.D. Tex. 2006) ...................................................................14

*O'Sullivan v. Countrywide Home Loans, Inc.*,
 319 F.3d 732 (5th Cir. 2003) ......................................................................11, 13

*Payne v. D&D Invests., Inc.*,
 No. 4:13-cv-690-O, 2014 WL 12531186 (N.D. Tex. Apr. 7, 2014).......................17

*Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*,
 215 F.R.D. 523 (E.D. Tex. 2003), *aff'd*, 100 F. App'x 296 (5th Cir. 2004)...........................13

*Robinson v. Wal-Mart Stores, Inc.*,
 253 F.R.D. 396 (S.D. Miss. 2008) ..............................................................11, 12

*Scoggin v. Adam Aircraft Indus., Inc. (In re Adam Aircraft Indus., Inc.)*,
 Adversary No. 08-1366 MER, 2009 WL 2100929 (Bankr. D. Colo. Mar. 20, 2009) ..............7

*Simms v. Jones*,
    296 F.R.D. 485 (N.D. Tex. 2013) (Lynn, C.J.)..............................................................4, 5, 6, 7

*Tyson Foods, Inc. v. Bouaphakeo*,
    136 S. Ct. 1036 (2016) .............................................................................................................12

*Wal-Mart Stores, Inc v. Dukes*,
    131 S. Ct. 2541 (2011).............................................................................................................4, 8

*Zediman v. J. Ray McDermott & Co., Inc.*,
    651 F.2d 1030 (5th Cir. 1981) ...................................................................................................7

## STATUTES AND REGULATIONS

29 U.S.C. § 2104.............................................................................................................................14

FED. R. CIV. P. 23 .......................................................................1, 4, 5, 9, 10, 11, 14, 16, 17

TEX. CIV. PRAC. & REM. CODE § 38.001...................................................................................14

LOCAL RULE N. DIST. TEX. 23.2 ...................................................................................3, 16, 17

Defendants FPMC Services, LLC, The Management Company at Forest Park Medical Center, Neal Richards Group, LLC, Neal Richards Group Forest Park Development, LLC, and glendonTodd Capital, LLC (collectively, "Defendants") file this Response in Opposition to Plaintiffs' Motion for Class Certification and Brief in Support and respectfully show the Court as follows:

## I.
### INTRODUCTION

Plaintiffs Sharda Parker and Jose Ibanez (collectively, "Plaintiffs") seek to represent a class of allegedly similar people for claims under the Worker Adjustment and Retraining Notification Act ("WARN Act"), breach of contract, and quantum meruit.  Plaintiffs' central allegations are: (1) that they and all similarly situated persons worked at "Forest Park Dallas;" (2) that "Forest Park Dallas" was a hospital located in Dallas, Texas and was operated by a group of entities; (3) that they did not receive sixty-days' advance notice of their termination; and (4) that "Forest Park Dallas" did not pay them for work performed prior to their termination.  In seeking to act on behalf of a class, Plaintiffs have not satisfied their burden of proving each requirement of Federal Rule of Procedure 23.

**Unascertainable Class**:  Plaintiffs' proposed class definition fails to meet the standard of ascertainability because it attempts to define the class as individuals employed at a physical location, rather than by their employing entity.  The definition also includes individuals who have chosen to pursue claims on their own behalf outside of this proposed class-action litigation.

**Numerosity Not Established**:  Plaintiffs offer no evidence or argument to show that joinder of similarly situated individuals is impracticable.

**No Commonality**:  Each of Plaintiffs' alleged class-wide, common questions is not sufficient because each question is premised on the unalleged and unproven assumption that Plaintiffs and putative class members shared the same employing entity.

**No Typicality**:  Plaintiffs' claims are not typical of all putative class members' claims; some individuals falling within the class's proposed definition are currently pursuing different state-law claims.

**Adequate Representation Not Established**:  Plaintiffs have not shown that they possess the requisite knowledge and understanding of this action to adequately prosecute these claims on behalf of a class.

**Individual Questions Predominate**:  The breach of contract and quantum meruit claims asserted by Plaintiffs require each member of the purported class to individually prove the elements of liability.  In addition, calculation of damages for each of Plaintiffs' claims requires an individualized analysis because members of the proposed class had different compensation structures, income levels, and benefits packages.

**No Superiority**:  A class action is not the superior method of resolving this dispute. Plaintiffs, and those similarly situated, have the ability to recover attorneys' fees in the event they are successful in prosecuting their claims.  In addition, the predominance of individual questions makes maintenance of this case on behalf of a class unmanageable.  Moreover, pending litigation in state court and the bankruptcy proof-of-claims process suggest that the members of the proposed class have a strong interest in controlling the prosecution of their own claims, if any.

**Local Rule 23.2 Not Met**:  Plaintiffs have not shown that they are adequate representatives and have not proposed the type and estimated expense of class notice, as required by Local Rule 23.2.

## II.
### FACTUAL AND PROCEDURAL BACKGROUND

According to their allegations, Plaintiffs were terminated on October 15, 2015, from the Forest Park Medical Center facility located at or around 11990 N. Central Expressway, Dallas, Texas 75243 ("Dallas Facility").  *See* Class Action Complaint ¶¶ 1 and 32 ("Complaint") (Dkt. No. 1).  Plaintiffs allege that the Defendants violated the WARN Act by failing to give Plaintiffs sixty days' advance notice of their termination.  Complaint ¶¶ 65-66.  Plaintiffs also bring a breach of contract claim against each of the five Defendants, alleging that they held contracts for employment with each of the five Defendants.  *See* Complaint ¶ 73.  Plaintiffs claim that all of the Defendants violated these contracts by failing to pay Plaintiffs for four weeks' work prior to their termination.  Complaint ¶ 75.  Finally, Plaintiffs bring a quantum meruit claim, alleging that Plaintiffs unfairly provided services to each of the Defendants without receiving compensation.  *See* Complaint ¶¶ 77-80.

Plaintiffs do not allege the identity of any one Defendant as their actual employer, choosing instead to allege global liability between all Defendants under a test provided by the WARN Act.  *See* Complaint ¶ 2.  Defendants moved to dismiss all claims pursuant to Rule 12(b)(6), asserting that tying all Defendants together without identifying an employer is not proper.  *See* Motion to Dismiss Plaintiffs' Class Action Complaint (Dkt. No. 10) ("Motion to Dismiss") and Brief In Support of Motion to Dismiss Plaintiffs' Class Action Complaint at 3-11 (Dkt. No. 11) ("MTD Brief").  Defendants also argue that Plaintiffs have not sufficiently alleged the existence or terms of a contract with any one of the Defendants, and that their quantum

meruit claim does not identify for which Defendant they purportedly performed services.  *Id.* at 10-15.  The Motion to Dismiss is still pending.  Plaintiffs then moved the Court to certify this case as a class action pursuant to Rule 23(a), (b)(3) and (c)(1).  *See* Plaintiffs' Motion for Class Certification and Memorandum of Law in Support Thereof at 1 (Dkt. No. 16) ("Motion").

### III.
### ARGUMENT AND AUTHORITIES

A.      <u>Legal Standard</u>.

"The class action is an 'exception to the rule that litigation is conducted by and on behalf of individual named parties only.'"  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  For this reason, the party seeking class certification bears the burden of proving Federal Rule of Civil Procedure 23's prerequisites for class certification.  *See Simms v. Jones*, 296 F.R.D. 485, 496 (N.D. Tex. 2013) (Lynn, C.J.), *aff'd*, *Ibe v. Jones*, 836 F.3d 516 (5th Cir. 2016) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)).  Courts must undertake a "rigorous analysis" to ensure that a plaintiff has satisfied all requirements of Rule 23.  *M.D. ex rel. Stukenberg v. Perry*, 254 F.3d 832, 837 (5th Cir. 2012).  The court must not accept a plaintiff's pleadings as "true," and the plaintiff must produce "actual evidence" showing it is entitled to class certification.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 139 (N.D. Tex. 2014).

The party seeking class certification must establish that the proposed class meets all four requirements of Rule 23(a) and that the class can be certified pursuant to one of Rule 23(b)'s three categories.  *Simms*, 296 F.R.D. at 496.  It is also pertinent for a court to consider one of several preliminary matters, including "whether the proposed class definitions are appropriate." *Id.*

**B.**      **Ascertainability:  Plaintiffs' Proposed Class Fails to Identify an Ascertainable Class.**

An initial requirement for seeking class certification pursuant to Rule 23 is that the plaintiff identify an ascertainable class.  Although not an express requirement of Rule 23, "[t]he existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23."  *John v. Nat'l Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *see also DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) ("It is elementary that in order to maintain a class action, the class . . . must be adequately defined and clearly ascertainable.").  Inclusion of "vague and subjective elements within the [class] definition may render a class unascertainable."  *See Simms*, 296 F.R.D. at 506.

In this case, Plaintiffs seek to vaguely define a class of alleged employees without having to identify any entity with whom they were employed.  Specifically, Plaintiffs propose "a class of all former employees of Forest Park Dallas, as that term is defined herein . . . ."  Motion at 1.  Plaintiffs' Motion then defines "Forest Park Dallas" not as an entity, but as a physical location: "Forest Park Medical Center's Dallas hospital."  Motion at i.  Accordingly, Plaintiffs' definition would encompass anyone working at the hospital site regardless of employer, presumably including third-party vendors and persons employed by doctors providing care at the hospital.

Plaintiffs' reliance on a physical location in lieu of identifying their employer is impermissibly vague.  Plaintiffs cannot define a class without identifying any entity that actually employed them; reliance on the WARN Act's single employer theory of liability alone is not sufficient.  *Cf. Likes v. DHL Exp.*, 288 F.R.D. 524, 530 (N.D. Ala. 2012) (finding proposed class definition failed to meet the requirement of ascertainability where "the suggested language lack[ed] concreteness in that it fail[ed] to identify those essential employing entities who

contracted with [the alleged single-employer entity]").  Plaintiffs' proposed class definition does not comply with Rule 23's implied requirement of an ascertainable class.

Moreover, Plaintiffs' class definition does not encompass any aspect of a breach of contract or quantum meruit claim.  Without attempting to define a class related to these state-law claims, Plaintiffs' breach of contract and quantum meruit claims should not be certified class-wide.

Finally, Plaintiffs' proposed class definition is over-broad because it includes members who have chosen not to pursue a WARN Act, breach of contract, or quantum meruit claim.  The proposed class definition includes "<u>all</u> former employees."  Motion at 1.  As explained below, at least three individuals have chosen to pursue state-law claims and another fifteen have retained separate counsel to act on their behalf.  *See* Part III.D.ii. The class, as defined, also includes any individual who seeks to assert a proof of claim in the Forest Park Medical Center, LLC's[1] ("FPMC") Chapter 11 bankruptcy.  *See id.*  Thus, the proposed definition is over-broad because it includes no carve-out for individuals who have chosen to pursue separate and independent claims.

**C.**     <u>**Plaintiffs' Fail to Establish Rule 23(a)'s Class Action Prerequisites**</u>.

A party moving for class certification must establish that each of Rule 23(a)'s four requirements are met.  *See Simms*, 296 F.R.D. at 496.   Those four requirements are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  *See id.* at 496-97.  Plaintiffs' Motion fails to offer evidence sufficient to establish any of these requirements.

*i.*      *Numerosity:  Plaintiffs' Allegation of 196 Class Members is Insufficient.*

The first requirement of Rule 23(a) is to establish that "the class is so numerous that

---

[1] Forest Park Medical Center, LLC was the operating company for the hospital located at 11990 N. Central Expressway, Dallas, Texas 75243.

joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).  A plaintiff must offer some

evidence or a reasonable estimate of the number of members in the proposed class.  *Zediman v.*

*J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981).  Offering an estimate of the

number of members of a proposed class, however, is not enough; "there is no magic number at

which the numerosity requirement is satisfied."  *Simms*, 296 F.R.D. at 497 (citing *In re TWL*

*Corp.*, 712 F.3d 886, 894 (5th Cir. 2013)).  In addition to offering a number of class members, a

plaintiff must establish that joinder is impracticable.  *See id.*  In determining whether joinder is

impracticable, courts consider factors including "size of the class, ease of identifying members

and determining their addresses, facility of making service on them if joined and their

geographic dispersion."  *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980).

     In this case, Plaintiffs assert that the proposed class consists of "at least 196 employees"[2]

but fail to present any evidence that joinder is impracticable.  *See* Motion at 4-5.  While Plaintiffs

point to *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999), to support a

finding that a class consisting of 100 to 150 members satisfies the numerosity requirement on its

face, the *Mullen* court actually analyzed facts relevant to impracticability of joinder.  In *Mullen*,

the court specifically found that the employees of the proposed class were transient in nature and

that the defendant continued to employ some members of the class.  *Id.*  Neither of those factors

are allegedly present in the instant case.  Without offering any evidence that joinder is

impracticable, Plaintiffs have not carried their burden of proving Rule 23(a)'s requirement of

numerosity.  *See Simms*, 296 F.R.D. at 500 ("Other than pointing to the numbers alone, plaintiffs

have not presented any evidence relevant to the fundamental inquiry: is joinder impracticable?");

*see also Scoggin v. Adam Aircraft Indus., Inc.* (*In re Adam Aircraft Indus., Inc.*), Adversary No.

---

[2] Plaintiffs' estimate of the number of class members fails to exclude many members of the class who are independently pursuing claims or have retained separate counsel.  *See* Part III.D.ii.  Thus, the accuracy of their assertion that the proposed class consists of 196 members is dubious, at best.

08-1366 MER, 2009 WL 2100929, at *12 (Bankr. D. Colo. Mar. 20, 2009) (denying class certification of a WARN Act claim to proposed class of more than 800 individuals due to plaintiff's failure to establish impracticability).

> ii.    *Commonality: Plaintiffs' Assertion of Commonality Mistakenly Relies on the Assumption That They Have Alleged a Common Employer.*

The second requirement of Rule 23(a) is proof of "questions of law or fact common to the class."    This "requires the plaintiff to demonstrate that the class members 'have suffered a common injury.'"  *Dukes*, 564 U.S. at 550 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).   "Rule 23(a) requires that all of the class member's claims depend on a common issue of law or fact whose resolution 'will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke.'"  *Stukenberg*, 254 F.3d at 840 (quoting *Dukes*, 564 U.S. at 350) (alterations in original).

In this case, Plaintiffs offer seven questions that they claim establish commonality, which rely on an unproven and unalleged assumption that all members of the proposed class share the same actual employer.  *See* Motion at 5.  The seven questions presented by Plaintiffs are not in fact common because each question assumes that Plaintiffs and the proposed class members were employed by a common entity.  For example, the question of whether the WARN Act applied to each proposed class member is predicated upon the assumption (without evidence) that the same entity employed each class member.   Similarly, the question of whether "Defendants paid the class members for the weeks of work they dutifully performed prior to the closure of Forest Park Dallas," *id.*, assumes that each Defendant separately owed an obligation to pay the proposed class members for the work they allegedly performed.  The same logical flaw exists in each of Plaintiffs' alleged bases of commonality.  Without an allegation or proof of which entity the proposed class members worked for, there cannot be any common questions.

    *iii.*    *Typicality:  Plaintiffs Do Not Share the Same Legal Theories as the Putative Class.*

The third requirement of Rule 23(a) is that the proposed class representative assert "claims or defenses . . . typical of the claims or defenses of the class."  FED. R. CIV. P. 23(a)(3). This requires the purported class representative establish "the similarity of the legal and remedial theories behind their claims [and the purported class's claims]."  *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

In this case, Plaintiffs' asserted claims are not typical of the class-wide claims, which defeats Rule 23(a)'s typicality requirement.  Plaintiffs bring claims for violation of the WARN Act, breach of contract, and quantum meruit.  *See* Complaint ¶¶ 56-80.  In contrast, plaintiffs in three separate state-court cases assert claims of fraud arising from their alleged termination from the Dallas Facility.  *See* Plf.'s Am. Orig. Pet. ¶¶ 10, 19-20 ("*Lopez* Amended Petition"), *Lopez v. Furniss*, No. CC-16-00900-C (Dallas Cnty. Ct. at Law No. 3 Nov. 21, 2016), attached as Ex. A; Plf.'s Am. Orig. Pet. ¶¶ 10, 19-20 ("*Mayes* Amended Petition"), *Mayes v. Furniss*, No. CC-16-03579-C (Dallas Cnty. Ct. at Law No. 3 Nov. 21, 2016), attached as Ex. B; Plf.'s Second Am. Orig. Pet. ¶ 10, 19-20 ("*Gurganus* Amended Petition"), *Gurganus v. Furniss*, No. CC-15-05764-C (Dallas Cnty. Ct. at Law No. 3 Nov. 15, 2016), attached as Ex. C.  In addition, the pending liquidation plan in FPMC's Chapter 11 bankruptcy case would allow Plaintiffs and proposed class members to file a proof of claim to collect monetary damages for alleged past-due wages. *See* First Amended Plan of Liquidation at 14-17, *In re Forest Park Medical Center, LLC*, No. 16-40302 (Bankr. E.D. Tex. Jan. 20, 2017), Dkt. No. 310 (requesting bankruptcy court to allow administrative priority to "Claims of Employees and Similar Persons with a Current or Prior Contractual Relationship with the Debtor"), attached as Ex. D.  Thus, Plaintiffs do not share the

same legal theories as the members of the purported class, which defeats their assertion of typicality.

    iv.    *Adequacy: Plaintiffs Have Not Established That They Will Protect the Interests of the Class.*

The fourth requirement of Rule 23(a) is to show that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).  Under this requirement, a named plaintiff must establish that the "class representatives . . . possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Berger v. Compaq Comp. Corp.*, 257 F.3d 475, 482-83 (5th Cir. 2001).  This also requires an "'an inquiry into [1] the zeal and competence of the representative[s'] counsel and . . . [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees[.].'" *Id.* at 479 (quoting *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982)) (alterations in original).

In this case, while Plaintiffs suggest the adequacy of class counsel, they have not made any showing that they, as putative class representatives, possess the knowledge and understanding to be capable of controlling and prosecuting this litigation.  Without offering any evidence to support this requirement of Rule 23(a)(4), Plaintiffs cannot maintain this action on behalf of a purported class.  *See, e.g., id.* at 481-82 (finding presumption of purported class representatives' adequacy improper) (internal quotation marks omitted); *Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, Civil Action No. 11-2777, 2013 WL 6072702, at *8 (E.D. La. Nov. 18, 2013) (finding plaintiffs failed to carry their burden in establishing Rule 23(a)(4)'s adequacy requirement where "plaintiffs . . . pointed the Court to no evidence whatsoever").

## D.    <u>Certification Pursuant to Rule 23(b)(3) is Not Appropriate.</u>

In addition to each of Rule 23(a)'s requirements, a plaintiff must show he is entitled to

class certification pursuant to one of Rule 23(b)'s three categories.  Here, Plaintiffs move for class certification pursuant to Rule 23(b)(3), which allows certification when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(3).

      i.     *Predominance:  Individual Questions on Liability and Damages Predominate Over Class Questions.*

Rule 23(b)(3)'s first question is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  The "predominance" requirement looks to whether common issues are a significant part of each individual claim.  *Ibe*, 836 F.3d at 529.  It also includes a pragmatic analysis, which asks "how a trial on the merits would be conducted if a class were certified."  *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 348 (5th Cir. 2012).  This question is answered by "identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class."  *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003).

Several district courts in the Fifth Circuit have concluded that plaintiffs seeking class certification against an alleged employer for breach of contract cannot establish that class-wide questions predominate over individual questions.  *See Basco v. Wal-Mart Stores, Inc.*, 216 F. Supp. 2d 592, 602-603 (E.D. La. 2002); *Robinson v. Wal-Mart Stores, Inc.*, 253 F.R.D. 396, 402 (S.D. Miss. 2008); *see also Baricuatro*, 2013 WL 6072702, at *8-10.  In *Basco*, for example, representative plaintiffs alleged that their former employer breached the contract held between each employee and the employer,[3] and the plaintiffs sought certification of a class pursuant to

---

[3] Specifically, the plaintiffs in *Basco* alleged that their employer forced them to work off the clock and denied the

Rule 23(b)(3).   216 F. Supp. 2d at 595.   The court denied class certification, finding that individual issues predominated over common questions.   *Id.* at 602-03.   Critically, the court found that "each plaintiff will be required to establish the existence of a contract with defendant through offer and acceptance and prove the terms of the contract."   *Id.* at 602.

While Plaintiffs assert that a number of WARN Act issues are susceptible to class-wide proof, they fail to address any class-wide issues related to their breach of contract or quantum meruit claims.   *See* Motion at 5.   In fact, no class-wide proof could exist for Plaintiffs' breach of contract and quantum meruit claims.   Each member of Plaintiffs' proposed class must prove the elements of breach of contract and quantum meruit to prevail on their claims against each of the five distinct Defendants.   *Cf. Basco*, 216 F. Supp. 2d at 602; *Robinson*, 253 F.R.D. at 402; *Baricuatro*, 2013 WL 6072702, at *8-10.   The individual inquiry into the contractual relationship between 196 individuals and five entities presents an insurmountable number of individualized questions.

In addition to individual questions of liability, individualized damages calculations will defeat a finding of predominance if the damages are not subject to formulaic calculation.   While individualized damages do not necessarily preclude a finding of predominance, *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016), the Fifth Circuit holds that predominance may be lacking where "calculation of damages is not susceptible to a mathematical or formulaic calculation."[4]   *Ibe*, 836 F.3d at 529 (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 307

---

employees their rest breaks.   216 F. Supp. 2d at 595.   While the specific act in violation of the employees' contract in *Basco* differs from the alleged violation in this case, it is a distinction without a difference.   The operative fact is that the employees in *Basco* and the alleged employees in this case claim that their employer violated any term of a contract held individually between each class member and the employer.

[4] Plaintiffs appear to recognize this principle by citing to *Hamilton v. First Am. Title Ins. Co.*, 266 F.R.D. 153, 165 (N.D. Tex. 2010).   *Hamilton*, however, was vacated by the Fifth Circuit and remanded to the district court for reconsideration in light of the Fifth Circuit's decision in a similar case.   *Hamilton v. First Am. Title Ins. Co.*, 423 F. App'x 425, 425 (5th Cir. 2011) (citing *Benavides v. Chicago Title Ins. Co.*, 636 F.3d 699 (5th Cir. 2011)).   In the

(5th Cir. 2003)).  If a court must conduct "separate 'mini-trial[s]' of an overwhelmingly large number of individual claims, the need to calculate individual damages will defeat predominance." *Bell Atl.*, 339 F.3d at 307. "Where the plaintiffs' damage claims focus almost entirely on facts and issues specific to individuals rather than the class as a whole, . . . class certification is inappropriate." *O'Sullivan*, 319 F.3d at 744-45.

The determination of damages available to each member of Plaintiffs' proposed class, should they prevail on liability, would be conducted wholly on an individualized basis.  First, as shown above, "Forest Park Dallas" is merely a location rather than a business entity.  Plaintiffs have not shown that the alleged class members who worked at this location were all employed by the same entity, or that such an entity is a defendant in this case.  Second, the employees working at this location earned different wages or salaries and participated in or had available different benefits.  *See* Declaration of T. Furniss, attached as Ex. E.  While Plaintiffs generally state that varying damages do not defeat class certification where damages can be calculated by a mechanical or formulaic calculation, Plaintiffs have not offered such a method of calculating damages.  *Cf. Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 215 F.R.D. 523, 531 (E.D. Tex. 2003), *aff'd*, 100 F. App'x 296 (5th Cir. 2004) ("Plaintiffs contend that there are a 'number of methods' or 'different methodologies' that may be utilized to prove damages in a class-wide manner.  The mere assurances of counsel are not sufficient.") (internal citation omitted).  Moreover, Defendants may be entitled to offsets and defenses to each proposed class member's damages claim, each of which is necessarily individual in nature.  Thus, Plaintiffs have offered nothing that supports a finding of class-wide damages issues in this case.

---

similar case, *Benavides*, the Fifth Circuit found that individualized questions of liability predominated.  636 F.3d at 702-03.

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND BRIEF IN SUPPORT**          **PAGE 13**

ii.    Superiority:  A Class Action is Not Superior to Other Methods of Adjudicating This Controversy.

The second requirement of Rule 23(b)(3) is to establish that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).  Rule 23 lists four factors to consider in determining superiority of the class-action process: "(A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." FED. R. CIV. P. 23(b)(3)(A)-(D).  The superiority of a class action "requires a fact-intensive analysis." *Madison v. Chalmette Refining, L.L.C.*, 637 F.3d 551, 555 (5th Cir. 2011).

First, this is not a negative value suit.  A "negative value suit" is a case where the cost of pursuing an individual claim is greater than any expected individual recovery. *Castano*, 84 F.3d at 748; *Norwood v. Raytheon*, 237 F.R.D. 581, 604 (W.D. Tex. 2006).  A negative value suit is "[t]he most compelling rationale for finding superiority in a class action," which relates to the first of Rule 23(b)(3)'s superiority factors. *Id.*  In this case, the availability of attorneys' fees to each potential plaintiff negates any cost of making individual claims.  The WARN Act "allows the prevailing party reasonable attorneys' fees as part of the costs." 29 U.S.C. § 2104(a)(6).  In addition, each potential plaintiff can recover attorneys' fees in the event they prevail on a breach of contract claim.  *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8).  Thus, the availability of attorneys' fees, should Plaintiffs prevail on their claims, weighs against finding that a class action is superior to other methods of adjudicating this controversy.

Second, the predominance of individual questions of liability and damages make management of this case as a class action impossible. "The greater the number of individual issues, the less likely superiority can be established." *Castano*, 84 F.3d at 745 n.19. As explained in Part III.D.i the Plaintiffs' proposed class requires each potential member to establish Defendants' liability on their breach of contract and quantum meruit claims and an individualized calculation of damages for any violation of the WARN Act, a contract, or equity. The necessity of these separate factual determinations would make this case unmanageable as a class action.

Finally, there is significant existing litigation concerning the controversies presented by Plaintiffs' proposed class action. Presently, there are three pending cases filed in Texas state court by alleged employees of the Forest Park Medical Center in Dallas, Texas: *Mayes v. Furniss*, No. CC-16-03579-C (Dallas Cnty. Ct. at Law No. 3 July 20, 2016); *Lopez v. Furniss*, No. CC-16-00900-C (Dallas Cnty. Ct. at Law No. 3 Feb. 24, 2016); *Gurganus v. Furniss*, No. CC-15-05764-C (Dallas Cnty. Ct. at Law No. 3 Nov. 13, 2015). In addition, proposed class members have the option of filing proof of claims in a related Chapter 11 bankruptcy. First Amended Plan of Liquidation at 14-17, *In re Forest Park Medical Center, LLC*, No. 16-40302 Ch. 11 (Bankr. E.D. Tex. Jan. 20, 2017), Dkt No. 310, attached as Ex. D. Finally, there is a pending adversary proceeding filed by these Plaintiffs. *Parker v. Forest Park Realty Partners III, LP* (*In re Forest Park Realty Partners III, LP*), Adversary Proceeding No. 3:15-ap-3139-SGJ (Bankr. N.D. Tex. 2016). Including this case, there are presently no fewer than six pending actions brought by alleged employees of the Forest Park Medical Center in Dallas. Moreover, fifteen other individuals have separately retained counsel to act on their behalf in connection

with their alleged termination from the Forest Park Medical Center in Dallas. *See* Declaration of J. Kring, attached as <u>Ex. F</u>.

The three pending cases in state court underscore the class members' interest in individually controlling the prosecution of these claims. In each of the state-court cases, the plaintiffs assert a common-law fraud cause of action. *See Lopez* Am. Pet. ¶¶ 19-20, <u>Ex. A</u>; *Mayes* Am. Pet. ¶¶ 19-20, <u>Ex. B</u>, *Gurganus* Am. Pet., <u>Ex. C</u>. Before filing their amended petitions, the state-court plaintiffs named a mix of entity-defendants and individual-defendants and asserted a wide variety of claims, including negligence, fraud by non-disclosure, conversion, statutory theft, and veil piercing. *See* Orig. Pet. ¶¶ 23-36, *Lopez*, No. CC-16-00900-C (Feb. 24, 2016), attached as <u>Ex. G</u>; Orig. Pet. ¶¶ 22-30, *Mayes*, CC-16-03579-C (July 20, 2016), attached as <u>Ex. H</u>; Orig. Pet. ¶¶ 22-35, *Gurganus*, No. 15-05764-C (Nov. 13, 2015), attached as <u>Ex. I</u>. The plaintiffs in these suits ultimately non-suited all claims against the defendant-entities and chose to pursue fraud claims against individual-defendants. The plaintiff in *Gurganus* even had a WARN Act claim dismissed by this Court, after which the plaintiff sought and obtained remand to state court to press state-law claims. *See* Order of Dismissal & Remand at 10, *Gurganus v. Furniss*, No. 3:15-CV-03964-M (N.D. Tex. Aug. 12, 2016), Dkt. No. 22, attached as <u>Ex. J</u>. On balance, these facts weigh against finding that class certification pursuant to Rule 23(b)(3) is superior to other methods of adjudicating this controversy.

**E.      Plaintiffs Have Not Established All Requirements of Local Rule 23.2.**

Plaintiffs must comply with Local Rule 23.2 in addition to the Federal Rules of Civil Procedure. Local Rule 23.2 requires, among other things, "the basis of the named plaintiff's claim to be an adequate representative of the class" and "the type and estimated expense of notice to be given to class members." LOCAL RULE N. DIST. TEX. 23.2(c), (e). Plaintiffs have

not addressed either of these requirements, which merits denial of their Motion. *Payne v. D&D Invests., Inc.*, No. 4:13-cv-690-O, 2014 WL 12531186, at *3 (N.D. Tex. Apr. 7, 2014). In addition, Plaintiffs describe the discovery necessary for any class certification hearing in the barest manner possible, which does not adequately comply with Local Rule 23.2(f). *See* Motion at 9 (stating Plaintiffs need "substantial document production" and "the depositions of numerous officers"). The failure to comply with Local Rule 23.2 warrants denial of class certification.

**F.**     **In the Event that a Class is Certified, Defendants Request Notice to Class Members Come After Any Summary Judgment Finding on Single-Employer Liability.**

A plaintiff asserting a claim against an alleged single employer in addition to his actual employer "is not the usual case." *Guippone v. BH S&B Holdings LLC*, No. 09 Civ. 1029(CM), 2011 WL 1345041, at *8 (S.D.N.Y. Mar. 30, 2011). In *Guippone*, the court found that "it is extremely difficult to establish that a parent company is the 'joint employer' of its subsidiary's employees." *Id.* For this reason, the court was not "prepared to force [the non-employer entity] to incur any expense relating to class certification" until it made a determination as to whether the non-employer entity was in fact a single employer under the WARN Act. *Id.*

To the extent the Court finds Plaintiffs have met their burden of proving each of Rule 23's requirements for class certification, Defendants respectfully request that the Court delay any class-wide notification until the Court makes a merits determination on single-employer liability.

## IV.
### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Class Certification and grant any other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

  _/s/ Jacob B. Kring_____
**Jacob B. Kring**
Texas Bar No. 24062831
**Britton D. McClung**
Texas Bar No. 24060248
**Mark A. Fritsche**
Texas Bar No. 24100095

**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Phone:  (214) 880-9600
Fax:     (214) 481-1844
Jacob@HedrickKring.com
Britt@HedrickKring.com
Mark@HedrickKring.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been furnished to all counsel of record in accordance with the Federal Rules of Civil Procedure this 20th day of February, 2017.

  _/s/ Jacob B. Kring_____
Jacob B. Kring